## VANDERZEE *v.* HERMAN *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

1. CONTRACT—PERFORMANCE—WAIVER.

Plaintiff, having contracted to furnish work and material on defendants' building, failed to perform according to the terms of the contract. *Held,* that the occupancy of the building by defendants with the defective work and material upon it was not such an acceptance of the performance of the contract or waiver of performance as to allow a recovery by plaintiff.

2. APPEAL—REVIEW OF FINDINGS.
  Where there is sufficient evidence to uphold a referee's findings of fact they will not be disturbed on appeal.

Appeal from judgment on report of referee.

Action by James M. Vanderzee against Bertha J. Herman and John L. Herman to foreclose a mechanic's lien. From the judgment entered in favor of the defendants on the referee's report the plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Ward & Cameron*, (*F. W. Cameron*, of counsel,) for appellant. *Stedman, Thompson & Andrews*, (*A. L. Andrews*, of counsel,) for respondents.

MAYHAM, J. This appeal is brought by the plaintiff from a judgment against him, entered upon the report of a referee dismissing the complaint. The action was to foreclose a mechanic's lien filed against the defendant Bertha J. Herman as owner, and John L. Herman as contractor. The complaint alleges that the defendant Bertha J. was the owner, and that she, with her husband, occupied the premises in the city of Albany; and that between the 15th and 30th of April, 1889, the plaintiff, at the instance and request of the defendants, furnished materials and performed labor as a builder upon such premises, in all of the value of $113.50; and that no part has been paid; and that, on the 21st of May then next, the plaintiff filed a lien against such premises; and concludes with a demand for judgment for the amount of the claim and the foreclosure of the lien to satisfy the same. The defendants answer separately; the defendant Bertha denying any employment by her of the plaintiff to furnish material, or to do work on the building on her premises. The defendant John L. Herman, in his answer, set up a special contract under which he alleges such work and material was performed and furnished, and that the plaintiff failed to perform the same, and set up matters as counterclaim, and demands an affirmative judgment for himself. The issue was tried by a referee, who found that the work done and materials furnished was done and furnished under a special contract; that the plaintiff had failed to perform the same according to its terms, and was not entitled to recover. There was conflicting evidence as to the terms of the agreement between the parties, and also as to the manner of the performance of the work, but that conflict raised purely disputed questions of fact, proper for the determination of the referee; and, on a careful examination of the evidence on both sides of these controverted questions, we think there was abundant evidence to support the referee's conclusion upon the facts. But it is insisted on the part of the appellant that the material furnished and work done was all done under the observation and special direction of the defendants, and that they cannot now object to the manner of performance. But upon this branch of the case as well as the other the referee finds the fact against the plaintiff, and upon sufficient evidence to uphold his finding on appeal. The plaintiff also insists that the sash furnished by him, and of which the defendant John complains, were accepted by the defendants without objection, and that they acquiesced in the use of the same, and that therefore they are estopped, and will not be heard to complain, for the purpose of avoiding payment. It is quite true that the sash were placed upon defendant's building, and they, with the balance of the structure, were used by the defendants, but the evidence discloses that objections to their kind and quality were made by the defendant John, and the referee finds that they were not accepted by the defendants. "Whether a contract of this character has been substantially performed is a question of fact, depending upon all the circumstances of the case." *Nolan* v. *Whitney,* 88 N. Y. 650, and cases there cited. It is a general and quite elementary rule of law that a party must perform his contract before he can claim the consideration due him upon performance; but the performance need not be, in all cases, literal and exact, but it must be a substantial compliance with the con-

tract, and whether there has been a substantial compliance is a question of fact to be determined, as we have seen, by the trial court, especially in cases of conflicting evidence. In a case of this kind, the acceptance of the building with the defective work or material upon it is not an acceptance of the performance of the contract, or a waiver of performance, so as to allow a recovery, when the special contract has not been substantially performed by the builder. The work and material having been applied upon the premises, the owner has no other alternative than to occupy with additions upon the property. To hold such occupancy to be waiver of a performance would be to compel the property owner to accept an imperfect or incomplete performance of the contract, or forfeit the use of the building, when the builder neglects or refuses to complete the contract. In *Kidd* v. *McCormick*, 83 N. Y. 392, it was held that when the builder under contract abandons the building before completing the contract, the owner may complete the work, and still insist on the terms of the contract. This case largely turns upon questions of fact, which were considered and passed upon by the referee. And his findings are all supported by evidence. We see no reason for reversing the judgment. Judgment affirmed, with costs. All concur.